Council is now situated, and the next case for argument is Gray v. Tyson Fresh Meats, docket 25-3184. Council, please proceed when you're ready. Good morning, and may it please the Court. My name is Ryan Hudson. I'm here on behalf of the appellant, Brian Gray. With me at Council table is Josh Ruhlman. We're here today on the 12B6 dismissal of a negligence claim against Tyson Foods. Brian Gray was horrifically injured in a workplace accident. He had three distinct injuries. Two prior District of Kansas courts in Gray 1, in this case it's Gray 2, we're now on Gray 3 on appeal, and a case called Logue, have both held that under the 2011 amendments to the Kansas Workers' Compensation Act, the prevailing factor test is a gateway issue, such that the exclusive remedy provision only applies if a workplace injury is the prevailing factor. This is the result of what the Kansas Supreme Court has called massive and significant changes to the workplace workers' compensation regime. Unfortunately, the District Court dismissed this case at the 12B6 stage by concluding that because Brian Gray possibly could have recovered had his arguments been believed, therefore the exclusive remedy provision applied. Which arguments? Which arguments been believed? Fact questions or? Any of them. In fact, it's broader than that. Any arguments that he made or he possibly could have made. There's absolutely no limiting principle to the District Court's ruling. Maybe you can just generally and broadly explain what the difference the 2011 amendments made in this case. Yes, so the 2011 amendments included two really important phrases. One is the pre-existing condition exclusion, and it is narrowly limited to a situation where the workplace injury solely aggravates a pre-existing condition. In this case, Brian Gray pursued workers' compensation, and the Workers' Compensation Board held, using that exact magic phrase, that he solely aggravated a pre-existing condition. That is a new term that was added in 2011, and as we point out, several Kansas Court of Appeals decisions have expressly equated recoverable with the pre-existing condition exclusion. So did compensability and recoverability shrink after the 2011 amendment under you and that shrinkage? So yes, they shrunk the scope of the Workers' Compensation Act. The idea was that workers were recovering for pre-existing conditions, and no surprise, Kansas, along with many states, has a strong lobby that is trying to limit workers' compensation benefits. And so the idea was to shrink the scope of the Workers' Compensation Act, but as a result of shrinking it, again, workers' compensation is a bargain, and if you are excluded from the scope of the Workers' Compensation Act, how is it that you can also be barred by the Workers' Compensation Act? No Kansas case has ever held that, and I want... I'm sorry. It doesn't say that you're, you know, barred. What it says is it's got to be recoverable, and compensation is recoverable if you prove that you're entitled to it under the act. And what the court was saying here, as I understood it, is you did not prove it was recoverable, but you did not prove that it was. I mean, it's potentially recoverable is, I guess, what I should say, and you, but then ultimately, you didn't prove it because of this clause about the solely aggravating a pre-existing condition, and that's, therefore, it's not ultimately compensable, but it was recoverable had you been able to prove it. That's how I understood what the court was saying, and that does seem to be the language that it uses, the exclusive remedy provision uses, is recoverable. It has to be recoverable, and the court said, well, it was. It just, you just didn't ultimately establish that it, you could, that you could recover it, essentially, and I understand the fine distinction, but I think that's consistent with the Kansas Supreme Court case that the district court relied on here. Hopkins seemed to be almost directly on point, and I understand that it's unpublished, but I wonder if you could distinguish it. Sure. Yeah, it's not a Kansas Supreme Court case. I said, did I say that? I meant Kansas Court of Appeals. Yeah, it's per curiam, summary judgment, and unpublished, which is kind of a fatal trilogy for a case that a federal district court is relying on. Well, I want to know about its persuasive value. Sure. It seems to be on point, and that's what district court said, is she used it for its persuasive value. It is, and I think the biggest answer to Hopkins and even the district court's logic is the Kansas cases, if you start reading them, they do use this phrase that workers' compensation is not available if the plaintiff could have recovered, and we drill into this. In the district court's decision, they cite this court's decision in Price, and in Price, it was about what type of employer. You have various types of employers or independent contractors or third parties. That's what this language is talking about. There's no response to this from Tyson Foods in their response brief, and as we explain, not just in Price, but also in Robinette, if you trace these Kansas cases back to 2000 and Robinette, and as well as even in Hopkins, it cites the Fugit versus United Beachcraft, a 1970s Once you start reading these, they all make it clear. What they're saying is the question on recoverable is had you sued all of the possible employers, could you have recovered? Recovery is a subset of compensability. If something is not compensable, it could never be recoverable, but the inverse is not necessarily true, and regardless of whether you like that argument or not, we cite 12 different states, all of which have said that the exclusive remedy provision does not apply to a claim that is not compensable. Again, no answer from Tyson Foods in the response brief. This court in Riddell also held the same thing and said that it's a fact question whether that's going to apply, whether the exclusive remedy provision applies. We're only at the 12B6 stage, and under this court's recent decision in Brown versus City of Tulsa, at the motion to dismiss stage, a plaintiff resisting an affirmative defense has no burden whatsoever. The only way that we can lose at the 12B6 stage is if we literally plead ourselves out of court. The only way I've ever seen that happen is on a statute of limitations defense where the plaintiff lists that the injury occurred outside the statute of limitations. This court in Riddell is very clear in saying it's never been decided, even at summary judgment, that the exclusive remedy provision has always been sent to the trier of fact. So this court would be breaking with its own precedent. It would also be ignoring both of the other two district of Kansas decisions that looked at this exact same situation, both of which rejected the argument made by Tyson Foods here. More importantly, the district court in this... But those were three amendments, weren't they? No, they were not. I'm sorry, I misunderstood. Okay. No, they were not. Logue is a recent case, and Gray 1 is this case. Right. And there's no acknowledgement in Gray 2 about either of these orders. In fact, in the district court's decision, they only addressed the Hopkins case, which, you know, ad nauseum I feel we've explained in the briefing has no bearing here. It's a summary judgment case. It's unpublished. What precisely is incompensable? What is it that you say the workers' compensation bar does not cover, and therefore we should be allowed to sue on it outside of the workers' compensation? The third injury, which is the chronic kidney disease? The whole thing? The whole thing or a portion of it? The whole thing of that injury. So the district court's order and the workers' compensation board, they make it very clear there are three distinct injuries. There were chemical burns, an acute kidney injury, and chronic kidney disease. The workers' compensation board said injuries 1 and 2 are compensable. Injury 3 is not compensable because it solely aggravated a pre-existing condition. Aggravated and exacerbated. Is that a separate piece that falls outside of workers' compensation, whatever the damage was to you, because it was aggravated, because it was accelerated? Absolutely. Is that what you're picking up and taking outside of the workers' compensation exclusive remedy? That's exactly right. That small piece. That's exactly right. Yes. And importantly, that language about the existing conclusion, sorry, the pre-existing exclusion is found in 508 F2. That's the definition section of the workers' compensation act. It's definitional. It determines the scope of the act. So our argument is not only supported by the plain language, but we cite several cases. In fact, the Kansas Court of Appeals, not only in Endrez, which our briefing is based around, but we block quote the decision in Buchanan v. J.M. Staffing. It twice says that an injury is not recoverable if it's subject to the pre-existing condition exclusion. So this is not just one case that we're citing or two cases that we're citing. We also point to Nom Lee v. Armor Meats, which looks at six Kansas workers' compensation decisions involving the pre-existing condition. And when they don't use the word solely in their opinion, then the pre-existing exclusion doesn't apply. It's not recoverable. It feels like we're talking about semantics here, I guess, in light of the 2011 amendments. I mean, it's not recoverable if it's subject to the pre-existing injury conclusion, but you have an opportunity to prove that it is not subject to the pre-existing injury exclusion, as you did here at the administrative level. And so ultimately, yes, that's true. It's not recoverable once it's been determined that it is subject to that to that exclusion. See what I'm saying? I mean, it feels like we're talking about semantics in terms of what... Well, perhaps it is. And the district court, without any prior support, is the one that created this semantic distinction. We're the ones that say that recoverable and compensable essentially mean the same thing. We are arguing that compensability or compensable, I guess I would compare it to sort of the pre-Iqbal standard. Under any set of facts, could this be recoverable, right? The Conley v. Gibson standard. And then it narrowed with Iqbal down to plausibility. So if you think about it that way, compensable means is it possible for this category of injury to be recoverable upon? And then recoverability says, OK, within this specific case, based on these specific facts, did you sue all of the potential defendants that you could, such that you could have recovered? And it sounds like that is what you're saying, that that is the pre-2011 view of recoverable. But it seems that that's changed. I would say that's still the view of recoverable, given that Buchanan v. J.M. Staffing and Endrez, those are all post-2011 decisions. Our argument is that the district court manufactured this distinction and decided, again, as we said, with no limiting principle whatsoever. Under the district court's logic, anyone who loses on anything or possibly could have prevailed in workers' compensation on any argument, it wipes out all exclusions, it wipes out all exceptions. And a district court with no administrative experience on the pleadings at the 12B6 stage is now making determinations about what a worker could have recovered upon, simply unworkable, in addition to not being supported by Kansas law. I would reserve the rest of my time for rebuttal. Good morning, may it please the court. My name is John Wilcox and I represent Tyson Fresh Meats in this matter. As indicated, this is an appeal from the district court's grant of a 12B6 motion to dismiss based upon the exclusive remedy provision set forth in the Kansas Workers' Compensation Act. The exclusive remedy provision is set forth in KSA 44-501B and provides that an employer shall be liable for any injury for which compensation is recoverable under the Workers' Compensation Act. And on that point, do you agree that the 2011 amendment shrank the coverage? I think the case law is clear that it in fact did shrink the coverage. And so whatever got shrunk out of the coverage should be recoverable outside the workers' compensation? Well, I think what the case law indicates is that yes, they make the 2011 amendments made it more difficult for workers to recover, particularly for pre-existing conditions. In workers' comp? In workers' comp. But the court also indicated that, or the courts rather, indicated that it is not impossible. The, it is still possible for workers to recover if they meet their burden of proof. But if they don't, if they don't make that burden of proof under the workers' compensation standard, I don't understand why that means that they can't now sue or try to sue outside the workers' compensation system. In other words, it shrank. Your coverage has shrank. And in the shrinking, whatever got left aside should be able to be subject to a lawsuit. And that's my problem. And so help me with that And I think the point you're making is in what plaintiffs, or what Mr. Gray's counsel has attempted to make in his briefing and on this appeal, is they're arguing that the exclusivity provision should state or means that it should say for which compensation is recovered rather than what it actually says, recoverable. No, I'm not saying that because I think that you could, a claimant could come in and do a terrible job of establishing the workers' compensation remedy. And it in fact was recoverable, but for crying out loud, you have to bring some testimony or some expertise to the subject. You blew it. But I'm talking about a different subject, a different category where the claimant is extremely proficient and comes in and lays everything out and the court says it's not a primary factor and therefore your aggravation and exacerbation is not covered by workers' compensation, not because you failed in your efforts to prove it by negligence or something, but instead it doesn't fit within the workers' compensation picture. And so anything that doesn't fit in the picture, I don't know how you can shrink workers' comp and not allow the remedy. So the Workers' Compensation Act remains very broad. It's designed to bring in workers into the system. And I guess an analogy I have is worker, there are two options in which you get to play. It's workers' comp or it's a civil lawsuit. And the Act funnels workplace injuries into workers' comp. And the case laws and the statutory language is clear that once you're in workers' comp, the rules and whatnot apply in workers' comp. The current Kansas Act continues to state that the plaintiff shall have the burden of proof or the injured worker shall have the burden of proof in the workers' comp arena and that the administrative law judge shall make or determine the factual issues concerning the prevailing factor issue. So you get your bite at the apple in work comp. You are given the opportunity to recover in work comp. And if you're unable to do that for whatever reason, if you're unable to meet your burden of proof, that doesn't mean you get to turn around and get a second bite at it. I think in that situation, you would have, in every case, you would have a workers' compensation filing and a worker who either didn't recover or didn't recover to the extent sought would then turn around and file a workers' comp, or excuse me, a tort action in the civil courts. And that's just not how the system is designed to work. But the statute, Judge Moritz hit on this, the statute doesn't include the word potential. It feels like you're adding language that says for which compensation is potentially recoverable. That's not what the statute says. The statute says for which compensation is recoverable. The statute says, right, for which compensation is recoverable. And that leads me back to what I was attempting to point out earlier. And here it was determined that compensation was not recoverable. Well, that is true. Okay. So why doesn't that fit within the statutory parameters? Well, because what we've got here is, and let me circle back around again to a point made earlier today, is that plaintiff claims that there were three injuries, and there clearly were not. There was a skin injury from the burns, and then there was the kidney injury. And he recovered for the acute injury and then attempted to claim for his ongoing care and treatment. And that was determined, I mean, he was given the ability to make that case in work comp that the prevailing factor or the injury was, excuse me, the workplace accident was a prevailing factor in causing that ongoing kidney care. He was unable to make that case in work comp. So he shouldn't be able to come around and then file a separate lawsuit. Are you saying that the ongoing care does not relate to the aggravation exacerbation to the kidney problem? No, the finding by the work comp was that the, or by the ALJ and the workers comp board was that the ongoing, excuse me, the injury was not the prevailing factor necessitating the ongoing care and treatment. Does that answer your question? I think that means yes, but I'm not sure. Are you saying that you, the claimant, you've got this problem before the accident, you have the problem after the accident, at some point you would have had this care anyway. You're not saying that, are you? I'm sorry, could you repeat that? Well, I didn't say it very well. Let me try again. Are you saying that because you have this chronic condition and your age, whatever you are, at some point you're going to have to deal with and whether you had been injured or not in an accident, you still would have had to pay for it, so what's the diff? We've not made that claim. Okay, I didn't think so. But it seems like maybe not all roads lead to Rome, but that one might. I'm not sure if that's a question or a comment. More comment. The purpose, though, to follow up with what Judge Phillips is saying, the purpose of the act, the Enders case, the purpose of the act is to preclude double recovery. True. Okay. The claimant here is not going to be obtaining double recovery because you've already determined that the injury that he's seeking redress for wasn't part of the injury that was provided for by Work Comp. Let me address that. There has never been a finding that there were three injuries. There was a skin, the burn injury, and then there's the kidney injury. I thought you just told me there were different injuries. No, no, no, no. Let me, the ongoing care is not a separate injury. It's a consequence of his acute injury, which was found by the district court and is consistent with language contained in Hopkins and Perez, which is a published Kansas Court of Appeals case from 2021. And if you look at the definition of an injury, which is at 44-508, it defines an injury as a lesion or change in the physical structure of the body causing damage or harm thereto. I think that plain language makes it clear that a burn to your skin, that's, of course, an injury. An acute kidney injury is an injury, but an aggravation of a preexisting condition, it's not a separate thing. It's a consequence of the kidney injury. So he was compensated. He did recover for his kidney injury, just not to the extent that he desired. And Judge Garcia, you pointed out the Andres case. And a couple things on that. I think that the Andres case, the language supports our position in that it does discuss that to recover an accident has to be the prevailing factor causing the injuries. The workers' compensation system is set up to avoid double recovery situations. And in that case, we had a widow who filed suit after her husband died of a heart attack after work on a golf course. And her allegation was that the decedent went in and saw the work nurse and was misdiagnosed. In that case, there was no workers' compensation claim filed. And the employer then sought or filed a motion to dismiss based on the exclusivity provision, which was granted and the Court of Appeals reversed, indicating that we've got a hard amendment case, number one, which is. Which is. But the motion was predicated on the very idea that you're raising here, which is the injury was potentially compensable. But it was not potentially compensable in that case because there was the hard amendment, which was a separate, the Workers' Comp Act specifically excludes recovery for heart issues in most circumstances. So do you think the statute incorporates the word potentially in there? I think the word recoverable does, yes. Again, for plaintiff's view of the Workers' Comp Act to be accurate, it needs to say recovered. It says recoverable, which suggests that if you have the potential to recover in Work Comp, once you're in the system, which everybody agrees, he should have been in the system, the Work Comp system. Once you're there, you have the opportunity to recover, which he did. He presented evidence. He sure as heck tried to recover and just failed to meet his burden. How do I square that position? Then I'll stop talking. My colleagues are probably sick of hearing me. How do I square that with what to me is the takeaway holding from Enders? And I'll quote it to you. If there can be no recovery under the act, then the exclusive remedy provision of the law does not apply and the motion to dismiss should not have been granted. Because there is the opportunity to recover. It's the opportunity. It's not the fact that you do recover. In fact, there's been much, much ink spilled on the applicability of Hopkins, and it's an unpublished decision and whatnot. But I would also, I would point this court to the language set forth in the Perez case, which I believe I mentioned a moment ago, which again is a 2021 published court of appeals case. It's cited by the plaintiff in his brief, in his reply brief. And in that case, we had again a worker trying to recover, well for a work on knee injury, which he recovered in initial surgery and then tried to recover additional benefits for a knee replacement. And the court in that case, without citing Hopkins, uses the exact same language. The exact same language. And Judge Malone was on both cases. And in Perez, the court indicated that despite the 2011 amendments to the act, compensation was recoverable under the act for Perez's knee replacement and disability. Perez could still recover under the act for his ongoing medical care, provided he could show that his work accident, rather than the preexisting condition, was a prevailing factor causing his need for total knee replacement. And Perez did not sustain two independent injuries resulting from his tripping accident. He sustained one injury with multiple consequences. And again, I don't have time to go through all of it, but the language is exactly the same as Hopkins. And based on that, we would ask that this court affirm the district court. Any other questions? All right. Thank you, counsel. Please proceed. Thank you. I think Judge Garcia hit the nail on the head and walked through exactly how Tyson Foods is amending the statute. There's simply no limiting principle. Even in the Endrez decision, had Endrez possibly argued that the Hart Amendment didn't apply, then Endrez possibly could have recovered. There's absolutely no limitation to this runaway logic by the district court. In addition to that, as we put... Well, your logic as I'm seeing it is really that we should read this to say for which compensation is recovered. And what that would mean was that you could do what you did, which is go all the way through, put the employer through it too, the work comp proceeding, and you could have your experts, which you did here, and you could argue about the prevailing factor as long as you wanted. And then you could get a negative finding, but the ALJ could rule against you, which is what happened here. And then, hey, it's a big so what. You can have your cake and eat it too, because you can go out and start all over again against this employer. The same facts. Essentially the same issue. And that's what I think you're saying. And that's not the point of Section D. Unless I'm missing something. That's not what I'm saying. It's only if the Kansas Workers' Compensation Act includes the word solely. So it has to say that... I'm sorry, if the word solely? Solely aggravated. That's the exclusion. It's a limited exclusion. As we point out, there are multiple cases where the exclusion has not been met, including the Perez case the council was citing. You didn't hear the word solely because solely wasn't met in that case. It's an exclusion to the exclusive remedy provision. It excludes it from outside the act. That's the distinction. In addition to that, the argument that there's not three injuries, you didn't hear a cite because there isn't one. The Workers' Compensation Board, the District Court, and most importantly, our complaint at the 12B6 stage all say that. Essentially, as I've said, under their interpretation and the District Court's interpretation, anybody who could have possibly won is barred, meaning there's no longer any exceptions or any exclusions to the Workers' Compensation, which can't be correct. So what you're saying, if I'm understanding correctly, is yes, that's true. You would be precluded from coming back at this employer under the framework of the Workers' Compensation Act, which now prohibits only those solely aggravating. But you can come back against this employer and say, well, it wasn't solely. But so, I mean, you achieve the same purpose. There's this exclusion in the Workers' Compensation Act and you would just completely bypass it, wouldn't you? Then if you could come back against the employer for this particular injury. I don't, I guess I don't understand. We're not bypassing anything. We were excluded. We tried to win in workers' compensation. We appealed to the Kansas Workers' Compensation Board. They said you are excluded. So once we're excluded, I don't understand the idea that we're pulling a fast one. That, and. Well, you fully tried it is what I'm saying. It was a factual issue. And that's the problem here. It was. You had an opportunity to meet your burden of proof for, you know, to prove that you weren't excluded. And then you didn't. And now you want to go outside the Act, despite its exclusive remedy provisions. We're, we're, we don't. Sorry. That would, you could open the floodgates there. Well, that's the argument the district court makes. But that's, this amendment was passed in 2011. We have a 15-year track period. Another argument they don't answer. There's no trickle or flood of cases. Where are these cases that allegedly are going to happen? Because the plain language has been applied since 2011. It's been 15 years. Where are these flood of cases? This court hasn't seen them. The district court hasn't seen them. There's been a handful proving that this limitation works. They're the ones that want to change the structure and gut the 2011 amendments. If there's nothing further, we would respectfully ask this court to reverse. All right. Thank you very much. Thank you, counsel, for your arguments. The case is submitted. Counselor excused.